IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOSE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SUNSHINE ELECTRONICS OF NEW | § | |
| YORK, INC. d/b/a Shopsunshine.com, | § | Civil Action No. 3:05-CV-252-L |
| CYBER DISCOUNT WAREHOUSE, INC., | § | |
| DIGITAL SHOPPING NETWORK, | § | |
| SUNSHINE VIDEO, SIMON SHEMIA, | § | |
| SOLOMON SHEMIA, JOSEPH SHEMIA, | § | |
| and VICTOR SHEMIA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Sunshine Electronics of New York's Motion to Dismiss the Complaint as Against It for Lack of Jurisdiction and Improper Venue, or to Transfer Venue, filed March 28, 2005; Plaintiff's Objection to Evidence Contained in [Sunshine's Reply and] Motion to Strike, filed September 22, 2005; and Defendants' Motion to Transfer Venue, filed November 18, 2005.  After careful consideration of the motions, responses, replies, the record, and the applicable law, the court **denies as moot** Sunshine's Motion to Dismiss the Complaint as Against it for Lack of Jurisdiction and Improper Venue, or to Transfer Venue, insofar as it requests dismissal for (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); and (2) improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406; **denies as moot** Plaintiff's Objection to Evidence in [Sunshine's Reply and] Motion to Strike; and **grants** Defendants' Motion to Transfer Venue.

## I.     Factual and Procedural Background

**Memorandum Opinion and Order - Page 1**

## A.        Parties and Contentions

Plaintiff Bose Corporation ("Plaintiff" or "Bose") originally brought this action against Defendant Sunshine Electronics of New York, Inc. ("Sunshine") on February 4, 2005; and later amended its complaint to add additional Defendants:  Cyber Discount Warehouse.com, Inc. ("CDW"); Digital Shopping Network ("DSN"); Sunshine Video; Simon Shemia; Solomon Shemia; Joseph Shemia; and Victor Shemia  (collectively referred to as the "Defendants").  *See* First Am. Orig. Compl. at 1.  Bose, a Delaware corporation with its principal place of business in Framingham, Massachusetts, manufactures and sells sound reproducing products.  Defendants Sunshine and CDW are separate New York corporations, each with a principal place of business at 1172 Coney Island Ave., Brooklyn, New York.  Defendant DSN is the name of an online eBay store through which Defendant CDW sells goods, and is not a legal entity; likewise, Defendant Sunshine Video is a New York enterprise which has been inactive since 1998.[1]  Defendants Simon, Solomon, Joseph, and Victor Shemia are principals and employees of Sunshine and CDW, and each resides in Brooklyn, New York.  Defendants are in the business of selling electronic equipment through Sunshine's retail showroom in Brooklyn, New York, and via various Internet websites, including www.shopsunshine.com.

Bose claims that the Defendants' alleged unauthorized use of the Bose Marks constitutes (1) infringement of registered trademarks, a violation of the Lanham Act, 15 U.S.C. § 1114; (2) trademark dilution, a violation of the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125; (3) false advertising, a violation of 15 U.S.C. § 1125; (4) unfair competition, a violation of the

---

[1]According to the third affidavit of Simon Shemia, DSN is not a legal entity, and Sunshine Video has been inactive since 1998.  *See* Defs' App. to Br. in Supp. of Mot. to Transfer Venue ("Defs' App.") at 4-5.  Bose has not contradicted this evidence.

**Memorandum Opinion and Order - Page 2**

Lanham Act, 15 U.S.C. § 1125; (5) unfair competition, a violation of Texas common law; and (6) Texas common law trademark infringement.  It alleges that Defendants have marketed, advertised, sold, and distributed Bose products throughout the United States, including the Northern District of Texas, through, among other Internet websites, www.shopsunshine.com, as well as the retail showroom in Brooklyn.  Bose asserts that Defendants' websites, sales people, and shipping materials falsely state that Defendants are authorized resellers of Bose products, and that the products offered are fully warranted by Bose.  Bose also asserts that a number of the Bose products advertised and sold by Defendants through their websites are stolen.

**B.      Procedural History and Motion to Transfer Venue**

On March 28, 2005, before Bose amended its complaint to include other Defendants, Sunshine filed a Motion to Dismiss the Complaint as Against It for Lack of Jurisdiction and Improper Venue, or to Transfer Venue (Sunshine's "original motion"), requesting (1) dismissal for (a) lack of personal jurisdiction over Sunshine pursuant to Fed. R. Civ. P. 12(b)(2), and (b) improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406; and, alternatively, (2) a transfer of venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).  Sunshine withdrew its motion to dismiss, and no other Defendant subsequently filed such a motion to dismiss.  Since Sunshine has withdrawn its motion to dismiss, and no other Defendant has moved to dismiss because

of lack of personal jurisdiction or improper venue, such issues are no longer before the court.[2]   The

only issue before the court is whether it should transfer venue.

Sunshine attached an affidavit of Simon Shemia to its reply concerning its original motion.

On September 22, 2005, Bose filed its Objection to Evidence in [Sunshine's Reply and] Motion to

Strike.   It contended that Sunshine attempted to offer new evidence through the reply and the

attached affidavit, and requested the court to refuse to consider any of the new evidence it offered

and strike the affidavit from the record.   Upon careful consideration of the record and applicable

law, and in light of its determination that no motion to dismiss is before it, the court determines that

Bose's Objection to Evidence in [Sunshine's Reply and] Motion to Strike is moot.[3]

On November 18, 2005, Defendants filed their Motion to Transfer Venue.   The court now

determines whether this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the United

---

[2] In its Reply, filed September 9, 2005, Sunshine stated:

> [The website] www.shopsunshine.com is owned and maintained by [CDW,] a separate and distinct
> entity.   Since Sunshine moved to dismiss, [Bose's] counsel has informed us that Bose intends to
> amend its complaint to include [CDW] as a defendant.   As this court will have jurisdiction over
> [CDW] and because [CDW] has princip[als] in common with Sunshine, Sunshine *withdraws its
> motion to dismiss for lack of personal jurisdiction and improper venue.*

Sunshine's Reply at 4-5 (emphasis added).   Sunshine has withdrawn its motion to dismiss for lack of personal
jurisdiction and improper venue.   At the request of Sunshine, the court continued this action on October 17, 2005 to,
"among other things, allow the additional defendants to file motions to dismiss based on lack of jurisdiction and improper
venue, and to present evidence in support of such motions . . . ."   Oct. 17, 2005 Order at 1.   As no such motions have
been filed, the only remaining matter is the motion to transfer venue.   Accordingly, the court **denies as moot** Defendant
Sunshine's Motion to Dismiss the Complaint as Against it for Lack of Jurisdiction and Improper Venue, or to Transfer
Venue, insofar as it requests dismissal for (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); and (2)
improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.

[3] The court continued the case at Sunshine's request, in part, to allow Bose to file a surreply to Sunshine's reply.
*See* Oct. 17, 2005 Order at 1-2; Sunshine's Mot. for Continuance at 1.   Bose never filed a surreply.   In addition, Bose
did not object to a third affidavit of Simon Shemia which Defendants included in their appendix to their brief in support
of their motion to transfer venue, filed November 14, 2005.   Accordingly, the court **denies as moot** Plaintiff's Objection
to Evidence in [Sunshine's Reply and] Motion to Strike.

**Memorandum Opinion and Order - Page 4**

States District Court for the Eastern District of New York.[4]  Defendants seek to have this action

transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) for the convenience

of the parties and witnesses in this case, and in the interest of justice.   Specifically, they assert that

any wrongdoing as alleged by Bose occurred within the State of New York, and that the alleged

nexus between the Northern District of Texas and such wrongdoing is arbitrary, and amounts to

forum shopping.  Defendants also assert that both Sunshine and CDW have their principal places

of business located in Brooklyn, New York, and that the Shemia Defendants reside in Brooklyn; that

the key witnesses and material documentary evidence in the case are almost entirely located in New

York, or possibly Massachusetts, not in Texas; that it would be more geographically convenient, as

well as economically efficient, for the parties to conduct trial in New York; that trial in Texas would

require them to employ Texas counsel in addition to their New York counsel[5]; and that the Eastern

---

[4]Sunshine originally requested the court to transfer venue to the Eastern District of New York.  *See* Sunshine's Orig. Mot. at 1.  The court is mindful that Defendants, in their Motion to Transfer Venue, also discussed transfer to the Southern District of New York.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  According to Bose's operative complaint, all Defendants reside in Brooklyn, New York (Eastern District of New York), and none of the alleged wrongful acts took place in the Southern District of New York.  *See* Pl's First Am. Orig. Compl. ¶¶ 5-13.  This action therefore could not have been brought in the Southern District of New York. 28 U.S.C. § 1391(b).  Accordingly, the court will not consider transfer of venue to the Southern District of New York.
    The court will consider whether a transfer of venue to the Eastern District of New York is warranted. Defendants state that Sunshine's motion to transfer venue and briefing "[are] incorporated into this Motion and its respective brief as though fully set out herein."  *See* Defs' Mot. to Transfer Venue at 1.  The Table of Contents references the Eastern District of New York.  Defs' Br. in Supp. of Mot. Transfer Venue at i.  Also, the third affidavit of Simon Shemia was made in support of a transfer to "the Southern District of New York or the Eastern District of New York." Defs' App. at 4.  Bose at all times briefed only whether the action should be transferred to the Eastern District of New York.  Accordingly, the court's decision does not prejudice Bose.

[5]"The convenience of counsel is not a factor to be assessed in determining whether to transfer a case under [section] 1404(a)."  *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).  Accordingly, the court will not consider it.

**Memorandum Opinion and Order - Page 5**

District of New York has a much greater interest in regulating business entities that operate in Brooklyn, New York. Defendants believe that these factors, collectively, warrant a transfer to the Eastern District of New York.

Bose opposes the request for transfer and contends that a transfer is not warranted under section 1404(a), arguing that Defendants have failed to demonstrate that the balance of convenience and justice weighs heavily in favor of transfer. It asserts that there is a strong nexus between Texas and the alleged wrongdoing, as Defendants purposefully directed their alleged unlawful activities at the residents of Texas through Internet marketing, advertising, sales, and distribution, and that Texas has a great interest in protecting its residents from deceptive and illegal trade practices. Bose also argues that its choice of forum of the Northern District of Texas is entitled to great deference and never disappears. It also argues that the motion to transfer should be denied because Defendants merely attempt to shift the inconvenience from them, as the moving party, to Bose, as the non-moving party.

## II.     Applicable Standard for a Section 1404(a) Transfer

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering: "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).  The moving party bears the burden of demonstrating that a change of venue is warranted.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

The court first addresses the threshold issue whether the Eastern District of New York qualifies as a judicial district where the civil action "might have been brought."  *See* 28 U.S.C. § 1404(a); *In re Horseshoe Entm't*, 337 F.3d at 433.  As this action is not founded solely on diversity of citizenship, it may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The Eastern District of New York comprises, among other counties, Kings County (Brooklyn), New York.  28 U.S.C. § 112(c).  The Eastern District of New York is a district in which this action could have originally been brought because both Sunshine and CDW have their principal places of business in Brooklyn, New York; the Shemia Defendants reside in Brooklyn; and, as alleged by Bose, DSN and Sunshine Video reside in New York.  *See* Pl's First Am. Orig. Compl. ¶¶ 5-12.  There is no question that the Eastern District of New York satisfies the threshold requirement of section 1404(a), since it is a place where Bose's claims "might have been brought." 28 U.S.C. § 1404(a); *see In re Volkswagen AG*, 371 F.3d at 203.

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. Once an initial determination is made that the judicial district to which transfer is sought would have been a district in which the claim could have been filed, a district court:

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted). The court will first analyze the "convenience" factors, and will then turn to the "interest of justice" and determine whether the balance of the factors warrants disturbing Bose's choice of forum.

## III.   Analysis

### A.   Consideration of the Convenience Factors

#### 1.   Relative Ease of Access to Sources of Proof

Defendants have set forth a sufficient factual basis why the access to sources of proof favors a transfer to the Eastern District of New York. Based on the record before the court, the bulk of the relevant records is at Sunshine's retail showroom in Brooklyn, in storage units throughout the New York City Metropolitan area, or at Bose's principal place of business in Framingham, Massachusetts. There is no indication that relevant sources of proof, including books and records, are kept in the Northern District of Texas. Moreover, records from applicable Internet websites, including www.shopsunshine.com, may be accessed from any location. Accordingly, this factor weighs in favor of transfer.

### 2.    Availability of Compulsory Process to Secure the Attendance of Witnesses

Defendants have provided evidence that the vast majority of witnesses who will testify at trial resides in the Eastern District of New York, or the District of Massachusetts, not Texas. Defendants claim that they will be required to call seven to nine key party witnesses, all New York residents. As for the availability of compulsory process, Defendants anticipate needing several non-party witnesses who are outside the subpoena powers of this court. These include Steveco, Inc., a Brooklyn-based company and the Defendants' primary supplier of Bose products, and Saturn Enterprises, Inc., a minor supplier located in New Hyde Park, New York (within the Eastern District), in order to provide testimony regarding the authenticity of the Bose products at issue.[6]

---

[6]Under Fed. R. Civ. P. 45(b)(2), "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." The non-party witnesses located in the Eastern District of New York are outside the Northern District of Texas's subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii), and trial subpoenas for these witnesses to travel more than 100 miles from the Eastern District would be subject to motions to quash. *See In re Volkswagen AG*, 371 F.3d at 205 n.4. Defendants contend that they have no reason to believe that Steveco, Inc. or Saturn Enterprises, Inc. would testify voluntarily. *See* Defs' App. at 8.

Similarly, Defendants articulate that because Bose alleges that they dealt in stolen goods, they intend to obtain documents and subpoena witnesses from New York area law enforcement agencies.

Bose contends that the only practical effect of a transfer to the Eastern District of New York would be to "shift inconvenience from the moving party to the nonmoving party," *e.g.*, *CIT Group, Inc. v. Romansa Apparel, Inc*., No. 3:02-CV-1954-P, 2003 WL 169208, at \*4 (N.D. Tex. Jan. 21, 2003), since transferring the action would make Bose face subpoena limitations in forcing critical Texas witnesses to travel to New York for trial.  Bose has gotten ahead of itself, however, as the court is unaware of whom exactly Bose's critical Texas witnesses are, much less the nature or essence of their testimony.  As there has been no identification and narrative summary of the witnesses' testimony, the court is unable to assess the importance of their testimony and the extent to which such witnesses will be inconvenienced by a transfer.  For example, Bose produced a printout containing 16 entries which it avers lists Texas residents who purchased Bose goods from the Defendants via their eBay, Inc. ("eBay") website.  Bose avers that "[t]hese Texas residents are critical witnesses to Bose in regards to its federal and Texas causes of actions against the Defendants."  Pl's App. in Resp. to Defs' Mot. to Transfer Venue ("Pl's App.") Ex. A-6.  This statement, however, is simply too conclusory to offer the court sufficient insight as to the nature and essence of the testimony of any of these persons.  The printout lists only eBay "login" names, not real names, and shows merely that the bidders are from Texas.  That the persons underlying the "login" names purchased Bose products from the Defendants tells the court nothing about the nature or essence of their testimony.  Bose has not informed the court as to whom these persons are,

whether they reside in the Northern District of Texas, or whether they were injured by, or have information relating to, alleged wrongful acts of Defendants.[7]

Bose also produced a copy of a CD-ROM disc it received from the United Parcel Service Co. ("UPS"), as well as printed exemplars from the disc, showing the names and addresses of persons across the United States to whom UPS delivered a shipment from Defendants.[8]  Bose discusses shipments to "Texas," but has not pinpointed in any way the number of residents of the Northern District of Texas, its potential witness pool, that received shipments.[9]  More importantly, nowhere does Bose set forth a summary of the nature or essence of the testimony of any such residents.[10] That one received a shipment, standing alone, is of little importance.  The recipients of these

_____

[7]Bose also submitted a CD-ROM disc it received from eBay, Inc. on May 5, 2005, containing, among other things, e-mails sent between Defendants and eBay customer support personnel.  These e-mails primarily concerned requests by Defendants to remove specific pieces of "negative feedback" posted by several eBay users who purchased products from Defendants via eBay.  *See* Pl's Br. in Resp. To Sunshine's Orig. Mot. Ex. A-7.  Although eBay granted numerous requests for removal, it denied at least one request.  *See id.*  This evidence does not show whether the persons underlying the eBay login names reside in the Northern District of Texas, nor does it summarize of the nature or essence of their testimony.  The evidence therefore does nothing to establish whether such eBay users, were they to testify for Bose, would be substantially inconvenienced by transfer to the Eastern District of New York.

Bose also stated that it submitted a third CD-ROM disc, one it received from eBay on May 20, 2005.  This disc is not before the court.  The court has reviewed printed exemplars from the disc, however, which Bose attached as part of its appendix.  *See* Pl's App. Ex. A-5.  The exemplars show that Defendant Simon Shemia was or is the contact for the eBay "User Id" "digital-shopping-network," and that "Joey Shemia," presumably Defendant Joseph Shemia, was or is the contact for the eBay "User Id" "sunshineelec."  *See id.*  This evidence suggests that Defendants sold products via eBay, but it does not provide the court any information about Bose's witnesses.

[8]Bose submitted the information in support of its assertion that because "Defendants have systematic contact with Texas residents through the *hundreds* of shipments to Texas residents who ordered goods through [www.shopsunshine.com] and their other websites," for transfer of venue considerations, "Texas is the location of the alleged wrong."  Pl's Resp. to Mot. to Transfer Venue at 7-8 (emphasis in original).  Bose only presented the court with raw data.  It did not break down or categorize information as to the number of residents of the Northern District of Texas who received a shipment, or how many of these residents were actually injured and would be providing testimony regarding its claims.  The court will not do what Bose should have done.

[9]The court has analyzed the attached exemplars.  They show that Texas residents received 23 shipments from Defendants, and list the name and address for eight residents in the Northern District of Texas who, in total, received nine of the shipments.  Pl's App. Ex. A-4.

[10]By making this statement, the court is in no way shifting the burden to Bose.  The statement merely underscores that Bose fails, in light of the evidence presented by Defendants, to persuade the court that this factor weighs against a transfer.

**Memorandum Opinion and Order - Page 11**

shipments could have been totally satisfied with the product they received and have had no

complaints with the product whatsoever.  What Bose fails to do is set forth that these witnesses will

testify regarding confusion, false advertising, counterfeit or stolen products, and the like.  Without

this information,  the court cannot determine whether these individuals will be material witnesses

in support of Bose's claims.  Based on the state of the record, the court simply cannot say to what

extent Bose's witnesses will be inconvenienced.  Defendants have carried their burden on this factor.


### 3.       Costs of Attendance for Willing Witnesses

The court determines that obtaining the presence of willing witnesses from New York,

Massachusetts, and Texas in the Northern District of Texas would be much more inconvenient and

costly than doing so in the Eastern District of New York.  Defendants produced evidence that

Sunshine and CDW have a total of fifteen employees, and anticipate that they will call between

seven to nine of the employees as witnesses at trial.  Defendant Simon Shemia also avers that if the

matter were to be tried in the Northern District of Texas, both companies "would be unable to run

its business with over 40% of its employees testifying in Texas."  Defs' App. at 7.  Bose argues,

once again, that transfer would merely shift the burden of cost to Bose, but their argument overlooks

that Massachusetts is significantly closer to the Eastern District of New York than the Northern

District of Texas, and that Bose has provided no evidence as to how many residents in the Northern

District of Texas, if any, are willing to testify, and the nature and essence of their testimony.

Accordingly, this factor weighs in favor of transfer.

### 4.       Problems that Make the Trial of the Case Easy, Expeditious, and Inexpensive

The parties did not directly discuss this factor. Since the parties did not discuss it, the court cannot weigh it independently. The factor is therefore neutral and does not weigh in favor of or against a transfer.

### 5.      Administrative Difficulties Flowing From Court Congestion

Bose argues that it will be prejudiced if the case is transferred to the Eastern District of New York because of that district's docket congestion, claiming delay would inevitably occur, that it would not be able to take advantage of this court's shorter trial track, and that such delay would unavoidably increase litigation costs. Defendants argue that even if transfer would cause delay from docket congestion, this factor is of little importance when overwhelmed by the other factors. The court is familiar with applicable federal court case management statistics of both this district and the Eastern District of New York, and agrees with Bose that transfer of the case to the Eastern District of New York will result in some delay arising from that district's congestion. It therefore determines that this factor weighs against transfer to the Eastern District of New York.

### 6.      Local Interest in Having Local Interests Decided at Home

Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred. Bose argues that the alleged wrongs occurred in the Northern District of Texas as a result of Defendants' federal trademark infringement and violations of Texas trademark law and common law. The court agrees with Bose that the State of Texas has an interest in protecting its citizens from the "tortious conduct of nonresidents aimed at its own residents." *See Global 360 v. Spittin' Image Software, Inc.*, No. 3:04-CV-1857-L, 2005 WL 625493, at *10 (quoting *Optimum Return LLC v.*

**Memorandum Opinion and Order - Page 13**

*Cyberkatz Consulting, Inc*., No. 3:03-CV-1064-D, 2004 WL 827835, at *3 (N.D. Tex. March 26, 2004)).[11]  There is, however, no nexus between the Northern District of Texas and the alleged wrongful activity, other than the certain marketing, advertising, sales, and distribution of Bose products via Internet websites, including www.shopsunshine.com.   The court has viewed no evidence showing or suggesting how the alleged wrongful acts affecting residents of the Northern District of Texas are sufficiently distinguishable from those committed in any other District, including the Eastern District of New York.   In other words, residents of the Northern District of Texas have no "meaningful connection or relationship with the circumstances of these claims," *see In re Volkswagen AG*, 371 F.3d at 206, other than the connection created by Bose's decision to litigate in this forum.

The court acknowledges that the Northern District of Texas has some contacts, but the dispositive inquiry for transfer of venue purposes is whether the case should be transferred to another district "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Bose's assertion that "[i]t is the Texas consumers duped by Defendants into purchasing the counterfeit Bose products *who have been most victimized* by Defendants' illegal activities," *see* Pl's Resp. to Mot. to Tranfer Venue at 8 (emphasis added), is unsubstantiated in light of the dearth of evidence in the record.  The court is left in the dark concerning whether the eight residents listed in the exemplars, and those referenced on the CD-ROM disc, were, in fact, injured by Defendants' alleged unlawful acts.  This is so because Bose fails to provide the court with any specific information regarding the nature and essence of their testimony.

---

[11]Similarly, the court agrees with Bose that residents in the Northern District of Texas do have an interest in the outcome of the litigation.  *Cf. Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1399 (S.D. Tex. 1992).

There is an undeniable nexus between the Eastern District of New York and the alleged wrongful acts, which, unlike the nexus pertaining to this district, cannot be considered arbitrary or artificial.  Bose alleges, among others, claims of federal trademark infringement and dilution, and as such, "the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 792 (S.D. Tex. 2005); *Houston Trial Reports, Inc.*, 85 F.Supp.2d at 668 (internal citations and quotation omitted).  The Eastern District of New York, where all Defendants reside, where Defendants' retail showroom is located, where any alleged stolen or counterfeit products were shipped from, and where - like this district - the websites can be accessed, has a greater localized interest in this case than does the Northern District of Texas.  Moreover, the website www.shopsunshine.com "is maintained in New York."  Defs' App. at 5.  Accordingly, this factor weighs in favor of transfer.

**7.   Familiarity of the Forum with the Law that Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law**

The Eastern District of New York is certainly qualified to adjudicate Bose's federal claims. Admittedly, this court is more probably familiar with Texas common law concerning unfair competition and trademark infringement.  Although the court agrees with Bose that transfer of this action would require the Eastern District of New York to interpret and apply Texas law, no real evidence has been presented suggesting that the Eastern District would have difficulty resolving the Texas state law claims.  Although it may not be routine for a federal court in New York to encounter Texas common law claims, this court is convinced that the Eastern District of New York is up to the

**Memorandum Opinion and Order - Page 15**

task.  Accordingly, these factors are of little moment, and the court determines that they neither weigh in favor of nor against transfer.

As evidenced by the court's analysis of the relevant convenience factors, four factors favor a transfer to the Eastern District of New York; one factor weighs against transfer; and three factors are neutral.  The court now considers the "interest of justice" to determine whether the balance of factors warrants disturbing Bose's choice of forum.

**B.    Determination of Whether the Balance of the Factors Warrants Disturbing Bose's Choice of Forum**

As stated previously, a "[p]laintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc.*, 85 F.Supp.2d at 667; however, a court may not attribute "decisive weight" to a plaintiff's choice of forum.  A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.  Where the plaintiff brings suit outside its home district, a plaintiff's choice of forum has reduced significance and is given less weight.  *See The Whistler Group, Inc. v. PNI Corp.*, No. 3:03-CV-1536-G, 2003 WL 22939214, at *2 (N.D. Tex. Dec. 5, 2003) (and cases cited therein) (Fish, J.); *Kettler v. Presstek, Inc.*, 3:03-CV-846-D, 2003 WL 21788870, at *2 (N.D. Tex. July 31, 2003) (Fitzwater, J.); *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538-G, 2003 WL 21251684, at *1 (N.D. Tex. May 23, 2003) (and cases cited therein) (Fish, J.); *cf. Robertson v. Kiamichi R.R. Co.*, 42 F.Supp.2d 651, 656 (E.D. Tex. 1999).  Similarly, the usual deference accorded a plaintiff's choice of forum "is of minimal value when none of the parties reside[s] in this division of this district." *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 677 (E.D. Tex. 2001) (citations

and quotation omitted); *Rock Bit Int'l v. Smith Int'l*, 957 F.Supp. 843, 844 (E.D. Tex. 1997) (citations omitted).

Bose alleges that venue is proper in the Northern District of Texas because, pursuant to 28 U.S.C. § 1391(b), the "music systems that are the subject of this litigation were distributed and offered for distribution and sale in this district, and the claims alleged in this action arose in this district." Pl's First Am. Orig. Compl. ¶ 3. This is a choice of forum argument, which "in and of itself . . . is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. If the court accepts Bose's argument that the alleged wrongful acts occurred in Texas, it must equally accept that the alleged wrongful acts occurred in states throughout the nation. A quick reference to the printed exemplars Bose provided shows contacts with New York, Massachusetts, Maine, Pennsylvania, New Hampshire, New Jersey, and Virginia. *See* Pl's App. Ex. A-4. These states are much closer than Texas to the parties' principal places of business, as well as the sources of proof. The court is at a loss why Bose, with its principal place of business in Massachusetts, chooses to sue, among other Defendants, two Brooklyn, New York corporations, in a district approximately 1500 miles away from where it or any Defendant resides, especially when, according to Mapquest.com, Bose and the Defendants reside approximately 200 miles from each other.[12]

The court determines that Bose's choice of forum should be disturbed, since none of the parties resides in this district, there is a questionable nexus between Bose's choice of forum and the alleged wrongful activities, and there are much more convenient forums where wrongs allegedly occurred. *See In re Horseshoe* Entm't, 337 F.3d at 434; *Houston Trial Reports, Inc*., 85 F.Supp.2d at 667. If Bose were a Texas plaintiff, or any of the parties resided in the Dallas Division of the

---

[12]Pursuant to Fed. R. Evid. 201, the court takes judicial notice of this information and other similar information from Mapquest.com, as it satisfies the standard set forth in the rule.

**Memorandum Opinion and Order - Page 17**

Northern District of Texas, the court's determination might be different. *See The Whistler Group, Inc.*, 2003 WL 22939214, at *2; *Minka Lighting,* Inc., 2003 WL 21251684, at *1; *cf. Hanby*, 144 F.Supp.2d at 677.  In this case, however, Bose's choice of forum has reduced significance, is given less weight, and is not enough to outweigh the balance of the other four factors, previously discussed, that favor transfer to the Eastern District of New York. *See The Whistler Group, Inc.*, 2003 WL 22939214, at *2; *Kettler*, 2003 WL 21788870, at *2; *Minka Lighting,* Inc., 2003 WL 21251684, at *1.  Accordingly, Defendants carry their burden of demonstrating that a transfer is warranted to serve the interest of justice, and the court determines that this case should be transferred to the Eastern District of New York.

## IV.   *Sua Sponte* **Transfer of Venue**

To the extent that there may be some confusion whether Defendants' request to transfer to the Eastern District of New York was still before the court, the court briefly discusses the issue. From Defendants' Brief in Support of Defendant's Motion to Transfer Venue, filed November 14, 2005, and Defendants' Motion to Transfer Venue, filed November 18, 2005, it appears Defendants requested a transfer to the Southern District of New York.  The court, however, has determined that the Southern District of New York is not a district where the case might have been brought originally.  In their motion, Defendants also incorporated arguments from Sunshine's original motion to transfer venue to the Eastern District of New York.  *See* note 4, *supra*.  In addition, the Table of Contents of Defendants' brief references the Eastern District of New York.  Defs' Br. in Supp. of Mot. Transfer Venue at I.  Also, the third affidavit of Simon Shemia was made in support of a transfer to "the Southern District of New York or the Eastern District of New York."  Defs' App. at 4.

**Memorandum Opinion and Order - Page 18**

Even if one were to argue that these references are insufficient to keep the request to the Eastern District of New York alive, a district court may transfer an action pursuant to 28 U.S.C. § 1404(a) *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (citations omitted). Accordingly, even if no request to transfer to the Eastern District of New York is pending, the court determines *sua sponte*, based upon its review of the record and independent analysis, that transfer to the Eastern District of New York is warranted.

## V.     Conclusion

For the reasons stated herein, the court determines that Defendants have met their burden by making a showing sufficient to justify a transfer of this action "for the convenience of the parties and witnesses, in the interest of justice" to the Eastern District of New York. Accordingly, the court **grants** Defendants' Motion to Transfer Venue, and **transfers** this action to the Eastern District of New York. In addition, the court **denies as moot** Plaintiff's Objection to Evidence in [Sunshine's Reply and] Motion to Strike; and **denies as moot** Sunshine's Motion to Dismiss the Complaint as Against it for Lack of Jurisdiction and Improper Venue, or to Transfer Venue, insofar as it requests dismissal for (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); and (2) improper

venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.  The clerk of court **shall effect** the

transfer of this action in accordance with the usual procedure.

**It is so ordered** this 12th day of April, 2006.

Sam A. Lindsay
United States District Judge